```
         IN THE UNITED STATES DISTRICT COURT
      FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
```

MON-VIEW, LLC and
CONSOLIDATION COAL COMPANY,

    Plaintiffs,

v.                                      Civil Action No. 1:10CV101
                                                        (STAMP)

MOUNTAINEER PROPERTY CO., LLC,

    Defendant.

**MEMORANDUM OPINION AND ORDER
CONFIRMING PRONOUNCED ORDER OF THE COURT
DISMISSING COUNT IV OF PLAINTIFFS' COMPLAINT**[1]

                           I.    Background

The plaintiffs, Mon-View, LLC and Consolidation Coal Company, filed this civil action in this Court on July 2, 2010. The plaintiffs' complaint alleges that the defendant, Mountaineer Property Co., LLC, has encroached on their properties because of its development activities on an adjoining piece of property. The plaintiffs' complaint sets forth claims for trespass (Count I), strict liability (Count II), negligence (Count III), and injunctive relief (Count IV). In Count IV, the plaintiffs ask for permanent injunctive relief either:

> (a) requiring Defendant to repair the landslide, including removal of the encroachments from the adjacent property owned by [the Plaintiffs] at Defendant's own

---

[1] This Court held a status conference on September 23, 2013 to determine the status of this case after the defendant filed a status report stating that all restoration work had been completed. This memorandum opinion and order confirms in slightly more detail the ruling made at the conclusion of that hearing.

>     cost and expense, without contribution or reimbursement
>     from the Plaintiffs, and under the supervision and
>     direction of Dominion personnel, or (b) allowing
>     Plaintiffs to remove the encroachments from their
>     respective properties at the cost and expense of
>     Defendant; and (c) requiring Defendant to stabilize the
>     property so as to prevent future landslides from
>     occurring.

Pls.' Compl., ECF No. 3 *5 ¶ 37.  The defendant filed an answer denying the plaintiffs' allegations.  Thereafter, the parties filed a joint motion to stay this action and on November 9, 2010, to complete a settlement in this civil action, this Court entered an order granting the parties' joint motion.  The parties continued to file joint motions to stay this case, and this Court required that status reports be filed intermittently during that time period.  These status reports generally stated that the defendant was completing the restoration work that was the subject of the plaintiffs' complaint.

The defendant then filed a status report on September 9, 2013 in accordance with this Court's order on August 22, 2013.  ECF No. 28.  The defendant reported that the restoration work has been completed and that the plaintiffs should dismiss this action.  The plaintiffs did not file a status report.

Pursuant to this Court's order, the parties participated in a status conference discussing the status of this case.  The plaintiffs reported that a majority of the restoration work had been completed, however, there was still a "punch list" that needed to be dealt with.  Based on this concession, the defendant again asserted that this Court should dismiss this case.

## II. Analysis

Based on the assertions made by the parties during the status conference on September 23, 2013, this Court finds that Count IV of the plaintiffs' complaint should be dismissed. Although the defendant contends that this Court should dismiss the action, this Court believes that because of the "punch list" that is still in contention, such action is not warranted at this time. Given the concession by the plaintiffs' counsel during the status conference, however, this Court does find that the allegations asserted in Count IV are now moot based on the defendant's restoration work to date. However, at the status conference, this Court directed plaintiffs to file with the Court the "punch list" showing the remaining work to be completed.

## III. Conclusion

For the reasons stated above, Count IV of the plaintiffs' complaint, a prayer for injunctive relief, is DISMISSED.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein.

DATED: October 1, 2013

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE